PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DANNY K. MELTON; NELLIE H.
MELTON,

*Petitioners,*

v.

KEITH PASQUA; CARL ROBERT
SAATHOFF; UNIVERSAL COMMODITY
CORPORATION; COMMODITY FUTURES
TRADING COMMISSION,

*Respondents.*

No. 02-2116

On Petition for Review of an Order
of the Commodity Futures Trading Commission.
(99-61-R, 99-62-R)

Argued: May 7, 2003

Decided: August 7, 2003

Before WIDENER, MICHAEL, and GREGORY, Circuit Judges.

---

Petition denied by published opinion. Judge Gregory wrote the opinion, in which Judge Widener and Judge Michael joined.

---

## COUNSEL

**ARGUED:** John Francis Bloss, Sr., CLARK, BLOSS & WALL, P.L.L.C., Greensboro, North Carolina, for Petitioners. Laura M. Richards, Assistant General Counsel, Office of the General Counsel, COMMODITY FUTURES TRADING COMMISSION, Washington,

D.C.; Robert Buford Christie, HENDERSON & LYMAN, Chicago, Illinois, for Respondents. **ON BRIEF:** Patrick J. McCarty, General Counsel, Kirk Manhardt, Deputy General Counsel, Office of the General Counsel, COMMODITY FUTURES TRADING COMMISSION, Washington, D.C., for Respondent Commission; Jeffry M. Henderson, HENDERSON & LYMAN, Chicago, Illinois, for Respondents Pasqua, Saathoff, and Universal.

## OPINION

GREGORY, Circuit Judge:

Danny Melton and his mother, Nellie Melton (collectively, the "Meltons") filed two separate reparations actions with the Commodity Futures Trading Commission ("CFTC") against Universal Commodity Corporation ("UCC"), Keith Pasqua, and Carl Robert Saathoff (collectively, "Respondents"). The parties reached a pretrial settlement agreement and, in accordance with the terms of the agreement, submitted a Stipulation of Voluntary Dismissal to an Administrative Law Judge ("ALJ"), who issued an Order of Dismissal. After entry of the Order of Dismissal, Danny raised a factual dispute that challenged the validity of the settlement agreement. Subsequently, the ALJ convened a telephone conference call to determine the validity of the agreement. After he determined that the parties had not reached a valid settlement, the ALJ vacated his Order of Dismissal, held a hearing on the merits, and issued an Initial Decision awarding the Meltons $40,715.32 in damages. Respondents appealed to the CFTC, which vacated the Initial Decision issued by the ALJ. The Meltons then filed this petition for review. For the reasons that follow, we deny the petition.

### I.

Danny Melton opened a commodity futures trading account with UCC in November 1996, which was managed by Keith Pasqua. Danny opened a second jointly held commodity futures trading account with his mother, Nellie Melton, in January 1997. After sustaining monetary losses, Danny closed the individual account in Feb-

ruary 1997, and the joint account in June 1997. His combined losses were $40,715.32.

In January 1999, the Meltons commenced two separate reparations actions against Respondents, alleging misrepresentation, nondisclosure, and churning, all in violation of 7 U.S.C.A. § 18 (West 1999). Preliminary settlement talks among the parties began no later than mid-August 1999. On October 20, 1999, after two failed settlement attempts, Respondents sent a letter to the Meltons confirming their acceptance of his third settlement offer. Under the terms of the offer, UCC would pay the Meltons $10,000 and Pasqua would provide a written apology[1] in return for a release of claims. The next day, UCC mailed a draft settlement agreement and stipulation to the Meltons. Danny refused to sign the agreement, stating that he would not agree to the settlement unless it contained an admission of guilt by Pasqua. UCC, in hopes that it might reach a preliminary settlement agreement with the Meltons, requested and received postponement of a hearing that had been scheduled for October 25, 1999.

The parties continued settlement negotiations and, on October 24, 1999, reached a final settlement agreement. Under the terms of the agreement, the Meltons agreed to dismiss all claims against the Respondents in consideration for an aggregate amount of $10,000.[2] The agreement contained no provision concerning an apology or an admission of guilt by Pasqua. The Meltons signed and returned a Settlement and Release Agreement and a Stipulation of Voluntary Dismissal to UCC that same day. The Stipulation was subsequently filed with the CFTC, and on October 26, 1999, the ALJ dismissed the proceedings with prejudice, pursuant to 17 C.F.R. § 12.21 (2003) ("Rule 12.21").

On October 27, 1999, Danny left a voice mail message with the ALJ stating that he would be rejecting the settlement agreement because Respondents had violated the terms of the agreement. The

---

[1]It appears that Danny sought an apology because Pasqua called him "stingy."

[2]UCC was to send Melton a $5,000 check and pay $5,000 into a managed account in Danny's name to be traded by an independent commodity trading advisor approved by Danny.

ALJ subsequently held a conference call with the parties to determine the validity of the agreement. Finding that no valid agreement had been reached, the ALJ vacated his order of dismissal and rescheduled the previously postponed hearing. UCC contested the ALJ's ruling, arguing that the initial dismissal terminated the ALJ's jurisdiction over the complaints. The ALJ rejected this argument. UCC then sought interlocutory review by the CFTC, which denied review for failure to demonstrate the requisite extraordinary circumstances.

After conducting a hearing at which Respondents were not present, the ALJ issued an Initial Decision finding Respondents liable to the Meltons and awarding the Meltons $40,715.32 in out-of-pocket losses plus interest. UCC appealed to the CFTC, which vacated the ALJ's Initial Decision. The CFTC found that the settlement agreement was valid and therefore the proceedings should have been dismissed as settled. The Meltons timely filed this petition for review.

## II.

When reviewing the final order of an administrative tribunal, we undertake a *de novo* review of either legal questions or the application of law to the facts when resolution of those issues is regularly undertaken by courts of general jurisdiction. *See Burgin v. Office of Personnel Mgmt.*, 120 F.3d 494, 497 (4th Cir. 1997); *Vercillo v. CFTC*, 147 F.3d 548, 552 (7th Cir. 1998); *Cox v. CFTC*, 138 F.3d 268, 271 (11th Cir. 1998); *JCC, Inc. v. CFTC*, 63 F.3d 1557, 1564 (11th Cir. 1995); *Morris v. CFTC*, 980 F.2d 1289, 1292 (9th Cir. 1992). Because the CFTC's ruling was based on its determination regarding the validity of the settlement agreement, an issue regularly undertaken by courts of general jurisdiction, we apply a *de novo* standard of review. Factual findings made by the CFTC are held to be conclusive so long as they are supported by the weight of the evidence. *Crothers v. CFTC*, 33 F.3d 405, 409 (4th Cir. 1994) (citing 7 U.S.C. § 9 (1999)).

## III.

In rendering its opinion, the CFTC reviewed the validity of the Meltons' signed assent to the settlement agreement. The CFTC reasoned that when there is a dispute over whether the parties to a repa-

rations proceeding have reached a pre-trial settlement, there must be an assessment of written evidence and/or of witness testimony to resolve the dispute. *Melton v. Pasqua*, Docket No. 99-R061, 99-R062, 2002 WL 31008126, *9 (CFTC Sept. 9, 2002). In resolving this case, we address two issues. First, we undertake a *de novo* review to determine whether it was appropriate for the ALJ to undertake an evidentiary review to resolve the factual dispute regarding the validity of the settlement agreement.[3] Second, if the evidentiary review was appropriate, we consider whether the CFTC's factual findings are supported by the weight of the evidence. We address each of these issues in turn.

## A.

Under Rule 12.21, any party to a reparations proceeding may obtain dismissal of a complaint or proceeding "by filing a stipulation of dismissal, duly executed by all of the complainants and each respondent against whom the complaint has been forwarded." 17 C.F.R. § 12.21(a) (2003). Once a written stipulation of dismissal has been received, "the official before whom the matter or proceeding is pending shall issue an order of dismissal, and serve a copy thereof upon each of the parties." 17 C.F.R. § 12.21(c) (2003). The dismissal is to be entered with prejudice. 17 C.F.R. § 12.21(b) (2003). The CFTC's interpretation of the rule makes clear that Rule 12.21 is procedural and has no effect on the validity of any agreements between the parties, including settlement agreements. *See Burkhart v. Zeff*, Docket No. 84-R169, 1987 WL 107153, *1 at n.1 (CFTC May 28, 1987).

UCC reads the CFTC decisional authority to support its position that Rule 12.21 is purely procedural and, as such, the ALJ had no authority to review the validity of the settlement agreement. We decline to adopt this interpretation. A decision-making official is not required to review the validity of a settlement agreement *prior to* entering an order of dismissal pursuant to Rule 12.21. *See Shenkle v.*

---

[3]We normally give some deference to the CFTC's interpretation of Rule 12.21 to determine the appropriateness of the evidentiary review. However, because the CFTC has not addressed this issue, we apply a *de novo* standard of review.

*Chilmark Commodities Corp.*, Docket No. 88-R10, 1989 CFTC LEXIS 540, *3 (CFTC Sept. 14, 1989) ("Because the rule does not require the parties to disclose the substance of either the negotiations that proceeded the agreement or the specific terms underlying the settlement, it eliminates the need for factual determinations by the decision-making official."). The ALJ is not, however, precluded from reviewing the validity of a settlement agreement if it becomes necessary to do so *after* the dismissal is entered. In fact, this Court encourages evidentiary review of settlement agreements when their validity is at issue. *See Wood v. Virginia Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975) (stating that a reviewing court is to conduct an evidentiary hearing to discern the terms of the settlement agreement or to determine that there was no such agreement when there is a factual dispute over the terms of a settlement agreement).

After the order of dismissal had been entered, Danny contacted the ALJ and complained that UCC failed to comply with the terms of the agreement. Danny's testimony suggests that he expected an aggregate amount of $10,000, an admission of guilt and an apology in consideration for signing the voluntary stipulation of dismissal. The written agreement, however, did not provide for an admission of guilt or an apology. Danny's call to the ALJ therefore raised the question of whether he mistakenly signed the settlement agreement, believing that it contained the terms he sought to have included (the admission and apology) when, in fact, it did not. Because the call raised a factual dispute regarding the validity of the agreement, it was appropriate for the ALJ to conduct an evidentiary hearing solely to resolve that dispute.

B.

Having found that the evidentiary hearing regarding the validity of the agreement was appropriate, we turn now to the CFTC's findings of fact. The CFTC concluded that the written evidence "strongly supports an inference that [the Meltons] intended to assent to the terms of settlement as written." *Melton*, 2002 WL at *9. The CFTC further concluded that the written evidence supports a finding that the voluntary stipulation of dismissal was submitted pursuant to a valid settlement agreement. *Id.* In making its factual findings, the CFTC relied both on Melton's testimony and the written evidence in the record. Our review of the record indicates that the factual findings are sup-

ported by the weight of the evidence. We find that the CFTC's factual findings are conclusive and hold that the Stipulation of Voluntary Dismissal was submitted pursuant to the terms of a valid settlement agreement. Accordingly, the Meltons are bound by the terms of the settlement agreement into which they entered.

## IV.

For the foregoing reasons we find that the dismissal of the case pursuant to Rule 12.21 was appropriate. The petition for review is

*DENIED.*